## BYRNE vs. ORLEANS COTTON PRESS COMPANY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

The plaintiff, as President of the Orleans Cotton Press Company, when there
was no salary fixed, claimed $3000 per annum for his services, and the testi-
mony of witnesses went to show that they were worth it: *Held*, that the sum
of $2000, voted to his successor, be taken as the proper amount to be al-
lowed.

This is an action on a *quantum meruit*, in which the plain-
tiff claims the sum of three thousand dollars for a year's salary
as President of the Orleans Cotton Press Company, before
any fixed salary was allowed or established by the board.

The evidence showed that the immediate successor of the
plaintiff was allowed two thousand dollars per annum as his sa-
lary by a vote of the board.

The plaintiff called witnesses who testified to the faithful ser-
vices rendered by him as President of the Company, in su-
perintending the Cotton Press and the buildings then going
up. These witnesses thought the plaintiff's services reasona-

ble at what he charged; but it also appeared there was a su-
perintendent of the buildings and machinery besides, at a large
salary.

The Parish Judge was of opinion the plaintiff fully esta-
blished his demand, and gave judgment accordingly. The
defendants appealed.

EASTERN DIS.
*May*, 1841.

BYRNE
*vs.*
ORLEANS
COTTON PRESS
CO.

*Rawle*, for the plaintiff.

*Hoffman*, contra.

*Morphy, J.* delivered the opinion of the court.

Plaintiff claims three thousand dollars for his services as Pre-
sident of the Orleans Cotton Press Company from the 21st of
January, 1833, to the 17th of February, 1834. The petition
alleges that the duties of the office were arduous and engrossed
much of the time and attention of plaintiff to the prejudice of
his own business. That no salary had yet been affixed to the
office when he was appointed; the company having then but
recently commenced operations; that relying on the justice of
the board of directors to allow him a fair and reasonable com-
pensation for his services, plaintiff did continue to incur the re-
sponsibility and discharge the duties attached to the office until
the aforesaid period. The answer denies that any compensa-
tion whatever was due to the petitioner, or that his services are
worth the amount claimed. The plaintiff had a judgment be-
low from which the defendants appealed.

This case presents no question of law. From the minute
book of the company, which has been laid before us as part of
the evidence, we are satisfied that at the time of the election of
plaintiff as President of the Company there was no salary
yet affixed to the office. A committee named by the stock-
holders before their incorporation had proposed a sum of one
thousand dollars for the services of the President, but their report
had never been acted upon; when on the 8th of April, 1834,
shortly after a charter had been obtained from the legislature,
the sum of two thousand dollars was fixed upon as the salary

EASTERN DIS. of the President, but no provision was made for the services of
May, 1841. plaintiff, rendered up to the 18th of February preceding. This

BYRNE claim, then, is on a *quantum meruit*.  A number of witnesses
*vs.*
ORLEANS in the employ of the defendants at the time plaintiff was elect-
COTTON PRESS
CO. ed President, testify that his services in that office were worth
the sum he claims.  They say that he acted not only as Pre-
sident, but superintended the erection of the buildings, made
contracts, &c., and attended to almost all the offices of the com-
pany to the neglect of his own business as a merchant, which
at that time was extensive.  On examining the testimony in
connection with the minute book before us, we cannot but be-
lieve that there is some exaggeration in relation to the plain-
tiff's services, and the estimate put upon them.  The wit-
nesses speak of his superintending the buildings as one of his
most arduous duties, and yet we find that the company had ap-
pointed a superintendant of the buildings with a salary of two
thousand five hundred dollars per annum, during the very time
plaintiff was President.  There was besides a building commit-
tee authorized to purchase materials, engines, slaves, &c.  It
is clear, however, from the evidence, that plaintiff devoted
much of his time and attention to the business and affairs of
the company, and is entitled to remuneration.  We think that
he should receive a sum equal to that allowed to his immediate
successor, to wit : two thousand dollars.

It is therefore ordered that the judgment of the Parish Court
be reversed; and it is further ordered that plaintiff do recover
of the defendants the sum of two thousand dollars, with costs
below, those of this appeal to be borne by the plaintiff and ap-
pellee.